# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2:14-cr-00055-AKK** |
| v. ) | |
| ) | |
| **NAKEY DEMETRIUS WHITE,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Nakey Demetrius White's motions to (1) correct the judgment under Federal Rules of Criminal Procedure 35 and 36 by reducing his sentence by the time he spent incarcerated on a related city offense, doc. 32; and (2) vacate his sentence under 28 U.S.C. § 2255, doc. 40.  Because the court denied White's § 2255 petition on the civil docket, *see* docs. 5; 6 in case no. 2:19-cv-08011-AKK, the clerk is **DIRECTED** to term the latter motion, doc. 40.  This opinion addresses the motion to correct the judgment, doc. 32.

## I.

White says that his attorney learned just after the sentencing hearing that White had spent 120 days in state custody awaiting sentencing in a related city case, that the Presentence Report did not reflect this, and that "it is unclear whether, pursuant to 18 U.S.C. § 3586, the Bureau of Prisons will credit him with these 120

days." Doc. 32 at 1–2.  He thus seeks correction of the judgment through a 120-day reduction of his sentence.  *See id.* at 2.  As White observes, the PSR indeed failed to indicate that White's sentence for the related city offense included four months in custody.  *See* doc. 22 at 16.  However, Rule 36 may be used to correct only a "minor and mechanical error" in the record, and "editing a defendant's criminal history as set forth in the PSI [or PSR]," which may impact a defendant's sentence, "is not 'minor' or 'uncontroversial' and thus may not be properly resolved in a Rule 36 motion."  *See United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004); *United States v. Ratliff*, 735 F. App'x 702, 704 (11th Cir. 2018).  Thus, the court cannot grant White's motion to the extent it attempts to amend the PSR.

## II.

Moreover, as a general matter, "[a]uthority to calculate credit for time served under [18 U.S.C. §] 3585(b) is vested in the Attorney General, not the sentencing court."  *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010).  Thus, post-sentencing, the Attorney General through the Bureau of Prisons "must make the determination [of any applicable credits] as an administrative matter when imprisoning the defendant."  *Scruggs v. Adkinson*, 423 F. App'x 858, 859 (11th Cir. 2011) (quoting *United States v. Wilson*, 503 U.S. 329, 334 (1992)) (internal quotation marks omitted); *see United States v. Collins*, No. 21-13041, 2022 WL 1132373, at *1 (11th Cir. Apr. 18, 2022).  Rule 35 only allows the court to correct a

sentence if it "resulted from clear error," *United States v. Sterlin*, No. 21-12064, 2022 WL 701147, at *1 (11th Cir. Mar. 9, 2022), and Rule 36 does not authorize the court to substantively alter a defendant's sentence, *see United States v. Rice*, 784 F. App'x 714, 716–17 (11th Cir. 2019). That the judgment against White failed to reduce his sentence by 120 days was not erroneous; rather, it was and is up to the BOP to calculate the applicable time credits. Consequently, the court also cannot grant White's motion insofar as it seeks generally to reduce his sentence.

### III.

White may, however, seek judicial review of the BOP's calculation of the relevant credit(s), but only after exhausting his administrative remedies. *See Scruggs*, 423 F. App'x at 859–60; *Sterlin*, 2022 WL 701147, at *1; *Hoyle v. Warden of FCI Aliceville*, No. 7:21-cv-01470-MHH-HNJ, 2022 WL 2112701, at *3 (N.D. Ala. May 11, 2022), *report and recommendation adopted*, 2022 WL 2110837 (N.D. Ala. June 10, 2022). It is not clear whether White has challenged this calculation through the BOP's administrative process. Thus, the court cannot grant White's motion insofar as it seeks review of the calculation of his credit(s) because he has not shown that he exhausted his administrative remedies.[1] *See Alexander*, 609 F.3d at 1260; *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991).

---

[1] White also suggests that the court can reduce his sentence "in the spirit of § 5G1.3 of the United States Sentencing Guidelines." Doc. 32 at 2. Unfortunately, however, "Sentencing Guideline § 5G1.3 does not authorize a district court to grant credit for time served prior to the

**IV.**

Taken together, the court lacks the authority to alter White's sentence to account for his prior custody. His motion, doc. 32, is unfortunately **DENIED**. If White believes that the BOP failed to credit him for the 120 days he spent in state custody, the court encourages him to seek administrative review. And, to that end, White may use this order as notice that the PSR did not reflect the 120 days he spent in state custody, to the extent that the BOP is not aware of this prior custody.

**DONE** the 25th day of August, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

imposition of sentence." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). Rather, "[a] claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.*; *Sterlin*, 2022 WL 701147, at *1.